UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| YOLANDA C. FLANIGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19CV2283 HEA |
| ) | |
| ANDREW M. SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the court for judicial review of the final decision of the Commissioner of Social Security denying the application of plaintiff for disability insurance benefits under Title II, 42 U.S.C. §§ 401, *et seq*. and denial of supplemental security income benefits under Title XVI, 42 U.S.C. §§ 1381, *et seq*. The Court has reviewed the filings and the administrative record as a whole which includes the hearing transcript and medical evidence. The decision of the Commissioner will be affirmed.

**Background**

On December 17, 2016, Plaintiff filed applications for DIB (Tr. 148) and SSI, (Tr. 150) alleging an onset of disability on September 14, 2016. On February 1, 2017, Defendant issued a Notice of Disapproved Claims. (Tr. 80). Plaintiff filed

a Request for Hearing by Administrative Law Judge (ALJ) on February 7, 2017. (Tr. 85). After a hearing on August 18, 2018, ALJ Koren Mueller issued an unfavorable decision dated November 30, 2018. (Tr. 9-30). On December 21, 2018, Plaintiff filed a request for review of the hearing decision with Defendant agency's Appeals Council. (Tr. 145-6). The Appeals Council denied Plaintiff's request on June 27, 2019. (Tr. 1). The decision of the ALJ became the final decision of Defendant agency. Plaintiff has exhausted the administrative remedies.

In the decision, the ALJ found Plaintiff had the severe impairments of: systemic lupus erythematosus (SLE) and asthma (20 CFR 404.1520(c) and 416.920(c)).

While the ALJ found none of Plaintiff's impairments met or equaled a listed impairment, she did find some limitations. Specifically, the ALJ found Plaintiff retained the residual functional capacity ("RFC") to perform:

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can only occasionally climb ramps and stairs; occasionally climb ladders, ropes and scaffolds; frequently balance; occasionally stoop, kneel, crouch and crawl; frequently handle and finger with her bilateral upper extremities; occasionally be exposed to extreme heat, extreme cold, and humidity; and occasionally be exposed to concentrated fumes, dusts, odors, gases and poor ventilation.

Based on vocational expert testimony, the ALJ found Plaintiff was able to perform her past relevant work as a legal assistant.

## Hearing Testimony

2

Plaintiff appeared and testified at the hearing. She stated that she lived in a two-story house with her mother. She has a master's degree in legal studies. She babysits her older grandchildren in her home. Her mother cooks for her a lot and children also help her. She testified that she does some volunteer work on good days. She has pain in her legs, arms, and fingers; her body aches. Often, she has to spend the day doing nothing but watching television.

A vocational expert also testified at the hearing.

## **Legal Standard**

To be eligible for DBI under the Social Security Act, Plaintiff must prove that she is disabled. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Secretary of Health & Human Servs.,* 955 F.2d 552, 555 (8th Cir. 1992). The Social Security Act defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual will be declared disabled "only if [his] physical or mental impairment or impairments are of such severity that [he] is not only unable to do [his] previous work but cannot, considering [his] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner engages in a five-step evaluation process to determine whether a claimant is disabled. *See* 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). At Step One, the ALJ determines whether the claimant is currently engaged in substantial gainful activity. At Step Two, the ALJ considers whether the claimant has a "severe" impairment or combination of impairments. At Step Three, the ALJ determines whether the severe impairment(s) meets or medically equals the severity of a listed impairment; if so, the claimant is determined to be disabled, and if not, the ALJ's analysis proceeds to Step Four.

At Step Four of the process, the ALJ must assess the claimant's residual functional capacity (RFC) – that is, the most the claimant is able to do despite his physical and mental limitations, *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011) – and determine whether the claimant is able to perform any past relevant work. *Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (RFC assessment occurs at fourth step of process).

The claimant bears the burden through Step Four of the analysis. If he meets this burden and shows that he is unable to perform his past relevant work, the burden shifts to the Commissioner at Step Five to produce evidence demonstrating that the claimant has the RFC to perform other jobs in the national economy that exist in significant numbers and are consistent with his impairments and vocational

factors such as age, education, and work experience. *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012).

The Court must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010). Substantial evidence is less than a preponderance but enough that a reasonable person would find it adequate to support the conclusion. *Jones*, 619 Additionally, the Court must consider evidence that supports the Commissioner's decision as well as any evidence that fairly detracts from the decision. *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016). If, after reviewing the entire record, it is possible to draw two inconsistent positions and the Commissioner has adopted one of those positions, the Court must affirm the Commissioner's decision; the Court may not reverse the Commissioner's decision merely because substantial evidence could also support a contrary outcome. *Id; see also Fentress v. Berryhill*, 854 F.3d 1016, 1021 (8th Cir. 2017).

A court does not "reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determination are supported by good reasons and substantial evidence." *Renstrom v. Astrue*, 680 F.3d 1057, 1064 (8th Cir. 2012) (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)).

5

## Decision of the ALJ

At Step One of the decision, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 14, 2016, her alleged onset date. At Step Two, the ALJ found that Plaintiff had the severe impairments of systemic lupus erythematosus (SLE) and asthma. The ALJ found Plaintiff did not have an impairment or combination of impairments listed in or medically equal to one contained in the Listings, 20 C.F.R. part 404, subpart P, appendix 1, (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

The ALJ determined that plaintiff retained the residual functional capacity to perform sedentary work with the restrictions stated above. At Step Four, the ALJ found that plaintiff is able to perform her past relevant work as a legal assistant. Therefore, the ALJ found Plaintiff not disabled.

## Statement of the Issues

Generally, the issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole. The issue here is the ALJ failed to properly evaluate opinion evidence.

## Discussion

**Opinion Evidence**

Plaintiff argues the ALJ failed to properly consider opinion evidence of her treating providers.

The ALJ concluded that the evidence did not establish that Plaintiff's lupus results in marked limitation in the areas of activities of daily living, social functioning, or completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace. She found that while Plaintiff stated that she cannot cook, clean, do laundry, drive, or shop, her ongoing part-time employment after her alleged onset date shows that she does not have marked limitation in activities of daily living due to lupus. In determining whether to give significant weight to Plaintiff's treating physicians, the ALJ found that the record showed Plaintiff's "flare ups" were essentially due to not taking medication and an infection which triggered an episode.  Plaintiff argues that the record contained only one instance of medicine non-compliance, as Defendant correctly asserts, the record contains two such instances, and the infection trigger.  The record does not support the severe limitations placed on Plaintiff by her treating physicians. The ALJ gave good reasons for discounting the opinions. Plaintiff's symptoms were stabilized with medication.  Her records establish that her symptoms were mild to moderate. She could take college courses and babysit her grandchildren.

As the ALJ noted, Plaintiff's lab results varied slightly but generally

7

remained fairly consistent, with strongly positive serologies and low complements but no evidence of renal involvement. Her weight was stable, as providers described her as "well nourished" with "good exercise habits." As Defendant notes, Plaintiff's examinations were routinely unremarkable. The weight she gave to Plaintiff's treating providers was based on the record as a whole.  The ALJ did not disregard evidence or ignore potential limitations.  She discussed her reasoning for giving Plaintiff's treating physician little significance; that reasoning is supported by the medical records.  The credible evidence in the record supports the ALJ's RFC to perform sedentary work.

## Conclusion

For the reasons set forth above, the Court finds that substantial evidence on the record as a whole supports the Commissioner's decision that Plaintiff is not disabled.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED.**

A separate judgment in accordance with this Opinion, Memorandum, and

8

Order is entered this same date.

    Dated this 13th day of November, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE